# EXHIBIT A

**OSTROFF | GODSHALL - Injury and Accident Lawyers**
By: Benjamin E. Smith, Esq.
Attorney ID No.: 323262
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
bsmith@ostrofflaw.com

*Attorney for Plaintiffs*

Filed and Attested by the
Office of Judicial Records
17 DEC 2025 12:09 pm
L. BREWINGTON

| | | |
|---|---|---|
| LILLIAN CHEVERE LOPEZ<br>JOHANNA MARTINEZ (p/s)<br>641 East Orange Street, Apt 4<br>Lancaster, PA 17602<br>Plaintiffs | : | COURT OF COMMON PLEAS OF<br>PHILADELPHIA COUNTY,<br>PENNSYLVANIA |
| vs. | : | December Term, 2025 |
| WALMART SUPERCENTER #2334<br>2034 Lincoln Hwy E.<br>Lancaster, PA 17602 | : | No. |
| WALMART INC.<br>702 SW 8th Street<br>Bentonville, AR 72716<br>Defendant | : | CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED |

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333 TTY (215) 451-6197
AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**OSTROFF | GODSHALL - Injury and Accident Lawyers**
By: Benjamin E. Smith, Esq.
Attorney ID No.: 323262
518 E. Township Line Road, Suite 100
Blue Bell, PA 19422
(610) 279-7000
bsmith@ostrofflaw.com

*Attorney for Plaintiffs*

| | | |
|---|---|---|
| LILLIAN CHEVERE LOPEZ | : | COURT OF COMMON PLEAS OF |
| JOHANNA MARTINEZ (p/s) | : | PHILADELPHIA COUNTY, |
| 641 East Orange Street, Apt 4 | : | PENNSYLVANIA |
| Lancaster, PA 17602 | : | |
| Plaintiffs | : | |
| vs. | : | December Term, 2025 |
| | : | |
| WALMART SUPERCENTER #2334 | : | |
| 2034 Lincoln Hwy E. | : | No. |
| Lancaster, PA 17602 | : | |
| | : | |
| WALMART INC. | : | |
| 702 SW 8th Street | : | CIVIL ACTION - LAW |
| Bentonville, AR 72716 | : | |
| Defendant | : | JURY TRIAL DEMANDED |

**Civil Action Complaint**

1. Plaintiff, Lillian Chevere Lopez ("Plaintiff"), is an adult individual who resides at the above referenced address.

2. Plaintiff, Johanna Marinez ("Plaintiff Spouse"), is an adult individual who resides at the above referenced address.

3. Defendant, Walmart Supercenter #2334, is a corporation authorized to conduct business in Pennsylvania, with a principal place of business located at the above referenced address.

4. Defendant, Walmart Inc., is a corporation authorized to conduct business in Pennsylvania, with a principal place of business located at the above referenced address.

5. At all times relevant hereto, Walmart Inc. owned and operated Walmart

Supercenter #2334.

6. Walmart, Inc. and Walmart Supercenter #2334 are collectively referred to herein as "Defendants."

7. Defendants advertise and perform a substantial course of business in Philadelphia, County Pennsylvania, in both quality and quantity.

8. Upon information and belief, at all times relevant hereto, Defendants individually and/or jointly, directly and/or by and through their duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, all in the course and scope of such relationship, owned, operated, managed, maintained, controlled, delegated and/or supervised multiple Walmart Supercenters, including its streets, sidewalks, parking lots, floors, storage shelves, fixtures, furniture, moving machines and etc. located at 2034 Lincoln Hwy E. Lancaster, PA 17602 ("the Premises").

9. At all times relevant hereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of such relationships possessed, managed, modified, designed, maintained and/or controlled the Premises.

10. On or about November 6, 2024, Plaintiff was lawfully upon the Premises as a business invitee, exercising all due care and caution for their safety, when suddenly and without warning Plaintiff tripped and fell due to a loading cart being left in the fruit/produce area, which was intended for pedestrian use, sustaining personal injuries.

11. Upon information and belief, the loading cart which Plaintiff tripped and fell over was missing a handle and was not readily visible or discernible as pedestrians such as Plaintiff.

12. The loading cart which Plaintiff tripped and fell over was owned, possessed,

managed, constructed, maintained, designed and/or controlled individually, jointly and/or severally by the Defendants, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their respective relationships with Defendants.

13. At the time of Plaintiff's fall, and for a long and excessive time prior thereto, Defendants, individually, jointly, and severally, directly and/or by and through their respective agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors, acting within the scope and authority of their relationships with the Defendants negligently and carelessly possessed, managed, modified, controlled and/or maintained the Premises so as to allow the loading cart without the handle to remain in a common area meant for pedestrian use.

14. At the aforesaid time and place, the condition and location of the loading cart with no handle was an unreasonably dangerous condition of the Premises, directly caused by the Defendants' individual, joint and/or several negligence and carelessness.

15. The dangerous condition in the aforesaid area constituted a reasonably foreseeable risk of harm for business invitees such as Plaintiff.

16. At no time relevant to Plaintiff's fall was there any warning or notice to business invitees such as Plaintiff of the existence of the hazardous condition.

17. Defendants' individual, joint and/or several negligence and carelessness, and the resulting dangerous condition of the Premises were the direct and proximate cause of Plaintiff's fall and resulting injuries.

18. At all times material hereto, Plaintiff was exercising due care and caution for Plaintiff's safety and in no manner contributed to their fall or their resulting injuries.

19. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, and Plaintiff's subsequent fall, Plaintiff suffered and/or may continue to suffer severe and potentially permanent physical injuries, severe pain, anxiety, depression, emotional distress, embarrassment, loss of life's pleasures and enjoyment of life.

20. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has undergone and/or may in the future undergo reasonable and necessary medical treatments.

21. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has incurred and/or may in the future incur medical expenses for the care and treatment of their injuries.

22. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has been and/or may in the future be hindered and/or prevented from attending to and/or fully performing their usual and customary duties, avocations and/or hobbies.

23. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent fall and their injuries, Plaintiff has been and/or in the future may be prevented from being gainfully employed, resulting in a loss of earning and/or an impairment of their earning capacity.

24. As a direct and proximate result of the individual, joint, and/or several negligence and carelessness of Defendants, the resulting hazardous condition, Plaintiff's subsequent fall and



Case ID: 251202355

their injuries, Plaintiff has been and/or may in the future be required to spend money for household help.

**COUNT I - NEGLIGENCE**
**LILLIAN CHEVERE LOPEZ v. WALMART SUPERCENTER #2334**

25. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

26. The individual, joint and/or several negligence and carelessness of Defendant Walmart Supercenter #2334 directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

a. creating a hazardous, about which it knew and/or should have known;

b. creating the hazardous condition of the loading cart in the fruit area intended for use by pedestrians/business invitees, including Plaintiff;

c. permitting the hazardous condition to exist on the Premises for an excessive period of time:

d. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

e. failing to warn pedestrians such as Plaintiff of the hazardous condition;

f. failing to take reasonable measures under the circumstances to protect pedestrians such as Plaintiff from a foreseeable risk of injury;

g. failing to protect Plaintiff against the hazardous condition of the loading cart when Defendant knew and/or should have known that said loading cart with no handle in the fruit area and was dangerous to pedestrians, including Plaintiff walking thereon;

h. failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the pedestrians, including Plaintiff;

i. failing to properly remediate the hazardous condition of the loading cart;

j. hiring, contracting, supervising, training and/or controlling Defendant's agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous conditions upon the Premises who were not qualified to do so in a safe and adequate manner;

k. negligently supervising and/or controlling said Defendant's agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or completing of repairing and/or maintenance services, including, but not limited to, the loading cart, in a reasonably safe and prudent manner; and

l. placing Defendant's pecuniary interests above the safety and wellbeing of lawful pedestrians such as Plaintiff.

WHEREFORE, Plaintiff, Lillian Chevere Lopez, demands judgment in her favor and individually, jointly, severally, and specifically against Defendant Walmart Supercenter #2334, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**COUNT II - NEGLIGENCE**
**LILLIAN CHEVERE LOPEZ v. WALMART INC.**

27. Plaintiff incorporates herein, by reference, the averments contained in the preceding paragraphs, as well as all subsequent paragraphs, as though the same were fully set forth herein.

28. The individual, joint and/or several negligence and carelessness of Defendant Walmart Inc. directly and/or by and through its duly authorized agents, ostensible agents, servants, borrowed servants, workmen and/or employees, acting in the course and scope of such relationship, included the following:

b. creating a hazardous, about which it knew and/or should have known;

c. creating the hazardous condition of the loading cart in the fruit area intended for use by pedestrians/business invitees, including Plaintiff;

d. permitting the hazardous condition to exist on the Premises for an excessive period of time:



Case ID: 251202355

e. failing to regularly and/or properly inspect the Premises for such hazardous conditions;

m. failing to warn pedestrians such as Plaintiff of the hazardous condition;

n. failing to take reasonable measures under the circumstances to protect pedestrians such as Plaintiff from a foreseeable risk of injury;

o. failing to protect Plaintiff against the hazardous condition of the loading cart when Defendant knew and/or should have known that said loading cart with no handle in the fruit area and was dangerous to pedestrians, including Plaintiff walking thereon;

p. failing to properly inspect and/or maintain the Premises such that a hazardous condition remained for an unreasonable period of time when it posed a foreseeable risk to the pedestrians, including Plaintiff;

q. failing to properly remediate the hazardous condition of the loading cart;

r. hiring, contracting, supervising, training and/or controlling Defendant's agents, ostensible agents, servants, borrowed servants, workmen, employees and/or subcontractors to possess, manage, modify, design, maintain, control, renovate, construct, clear hazardous conditions upon the Premises who were not qualified to do so in a safe and adequate manner;

s. negligently supervising and/or controlling said Defendant's agents, ostensible agents, servants, borrowed servants, workmen and/or employees in their performance and/or completing of repairing and/or maintenance services, including, but not limited to, the loading cart, in a reasonably safe and prudent manner; and

t. placing Defendant's pecuniary interests above the safety and wellbeing of lawful pedestrians such as Plaintiff.

WHEREFORE, Plaintiff, Lillian Chevere Lopez, demands judgment in her favor and individually, jointly, severally, and specifically against Defendant Walmart Inc., in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with such further relief as may be appropriate.

**COUNT III**
**LOSS OF CONSORTIUM**
**JOHANNA MARTINEZ v. DEFENDANTS**

29. Plaintiff Spouse incorporates herein, by reference, the preceding averments, as well as all subsequent paragraphs, as though the same were fully set forth herein.

30. Plaintiff Spouse has expended specific time, care and/or assistance of her spouse as a direct and proximate result of her injuries as set forth herein.

31. As a direct and proximate result of Plaintiff's injuries, Plaintiff Spouse has lost her society, support, affection, financial assistance and/or companionship, much to her own ongoing suffering.

WHEREFORE, Plaintiff Spouse Johanna Martinez demands judgment in her favor and against Defendants, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with such further relief as may be appropriate.

**OSTROFF GOSHALL**
**Injury and Accident Lawyers**

Date: 12/17/2025

By: /s/Benjamin Smith
Benjamin E. Smith, Esquire
Attorney for Plaintiffs

# **Verification**

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Electronically Signed 2025-12-16 22:16:40 UTC - 98.235.145.14
Nintex AssureSign® ef1de636-fe52-4b1c-885e-b3b50144fd69

Lillian Chevere Lopez
Plaintiff

**Verification**

The undersigned, Plaintiff in this action, verifies that the within pleading is based upon information furnished to counsel, which has been gathered by counsel in the preparation of this lawsuit. The language of the attached pleading is that of counsel and not of signer. Signer verifies that the within pleading, as prepared by counsel, is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the within pleading are that of counsel, signer has relied upon counsel in taking this verification.

This verification is made subject to the penalties of 18 Pa.C.S.A. Section 4904 relating to unsworn falsification to authorities.

Electronically Signed 2025-12-16 22:14:25 UTC - 98.235.145.14
Johanna Martinez
Nintex AssureSign® 997e7c65-6ecf-4e74-903f-b3b501457d59

Johanna Martinez
Plaintiff Spouse